# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-181-DCK

| | |
|---|---|
| RICK STEVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Amended Motion For Leave To Amend The Complaint, To Add A Party And For Remand" (Document No. 11) and "Defendant Wal-Mart Stores East, LP's Motion To Dismiss" (Document No. 13). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, <u>deny</u> the pending motion to dismiss as moot, and direct that this matter be <u>remanded</u>.

## BACKGROUND

Plaintiff Rick Stevens ("Plaintiff" or "Stevens") initiated this action with the filing of his "Complaint" (Document No. 1-2) in the Superior Court of Catawba County, North Carolina on July 27, 2017. The original Complaint alleged a single claim for negligence against Wal-Mart Stores East, LP ("Defendant" or "Wal-Mart") based on a slip and fall in Defendant's store in Hickory, North Carolina. (Document No. 1-2). Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on October 6, 2017. Defendant's "…Answer" (Document No. 3) was filed on October 12, 2017.

On October 27, 2017, the parties filed a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 4) and a "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 5). The undersigned then issued a "Pretrial Order And Case Management Plan" (Document No. 6) on October 30, 2017.

Plaintiff originally sought leave to amend his Complaint to add a party and requested remand on December 4, 2017. (Document No. 8). That motion was denied for failure to satisfy the requirements of the Local Rules. (Document No. 10). Plaintiff renewed his request with the pending "… Motion For Leave To Amend The Complaint, To Add A Party And For Remand" (Document No. 11) filed December 8, 2017. "Defendant Wal-Mart Stores East, LP's Motion To Dismiss" (Document No. 13) was filed on December 21, 2017. Defendant contends that Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 13).

In the interest of judicial economy and efficient case management, the undersigned finds that the pending motions should be decided without delay.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The crux of Plaintiff's argument is that the proposed amendment to add an individual employee of Defendant will not prejudice Defendant and has been made in good faith. (Document No. 12). Plaintiff contends he always intended to file a claim against the individual employee or employees who were allegedly responsible for the conditions that led to his fall. (Document No. 12, p.11). Plaintiff did not become aware of the name of such employee until initial disclosures were served on November 28, 2017. Id. The named individual employee, Billy Pearson ("Pearson"), is a resident of Hickory, North Carolina, and therefore, his inclusion in this matter would defeat diversity of citizenship of the parties. (Document No. 12, p.14) (citing 28 U.S.C. § 1447 (c)).

In response to the motion to amend and remand, Defendant acknowledges that the "actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court. . . ." (Document No. 14, pp.3-4) (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing 28 U.S.C. §1447(e)). Defendant contends that the purpose of amendment here is to defeat federal jurisdiction. (Document No. 14, pp.4-5). Defendant argues that Plaintiff never sought the identity of employees, or named any "John Doe,"

until this matter was removed to this Court.  Id.  In addition, Defendant asserts that Plaintiff will not suffer any prejudice if the amendment is denied.  (Document No. 14, pp.5-6).

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend.  The undersigned accepts Plaintiff's assertion that his request to amend has been made in good faith and is timely.  It also appears that Defendant will suffer little, if any, prejudice if this matter is remanded to the Catawba County court where Plaintiff originally filed.  Therefore, the undersigned will grant Plaintiff's motion to amend and will direct that this matter be remanded.  Because the undersigned will order that the complaint be amended and that this matter be remanded, "Defendant Wal-Mart Stores East, LP's Motion To Dismiss" (Document No. 13) will be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").  Moreover, based on the "Amended Complaint" (Document No. 11-1), the undersigned agrees with Plaintiff that this matter must be remanded for lack of subject matter jurisdiction.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Amended Motion For Leave To Amend The Complaint, To Add A Party And For Remand" (Document No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that **"**Defendant Wal-Mart Stores East, LP's Motion To Dismiss**"** (Document No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this matter shall be **REMANDED** to the Superior Court of Catawba County, North Carolina.

**SO ORDERED**.

Signed: January 3, 2018

David C. Keesler
United States Magistrate Judge